UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROBERT MORAN,
    *Plaintiff*,

v.

TOWN OF GREENWICH ET AL.,
    *Defendants*.

No. 3:23-cv-00330 (VAB)

**RULING AND ORDER ON MOTION TO AMEND AND MOTIONS TO DISMISS**

On March 11, 2023, Robert Moran ("Plaintiff") filed suit against the Town of Greenwich (the "Town"), Greenwich Police Commissioner Fred Camillo, former Greenwich Commissioner Peter Tesei, Chief of Police James Heavey, Sergeant Sean O'Donnell, and Officers Andrew Greco, Brian Tornga, and Hayes Podmokly (collectively, "Defendants") alleging violations of 42 U.S.C § 1983 and various state law claims. Compl., ECF No. 1 (Mar. 11, 2023) ("Compl.").

The Town, Commissioner Camillo, former Commissioner Tesei, and Chief Heavey (collectively, "Town Defendants") have moved to dismiss the Complaint. Mot. to Dismiss by Town Defs., ECF No. 20 (May 8, 2023) ("Town Mot."). Sergeant O'Donnell and Officers Greco, Tornga, and Podmokly (collectively, "Individual Defendants") have also moved to dismiss the Complaint, or, in the alternative, for summary judgment. Mot. to Dismiss by Individual Defs. ECF No. 21 (May 8, 2023) ("Individual Defs.' Mot.").

In response to Defendants' motions to dismiss, Mr. Moran has moved to amend his Complaint. Mot. to Amend and Opp'n to Mots. to Dismiss, ECF No. 24-1 (June 1, 2023) ("Opp'n").

For the following reasons, the Court **GRANTS** Mr. Moran's motion for leave to amend his Complaint as to the municipal liability claim. The Court **GRANTS** Defendants' motions to dismiss as to all other claims. The Court consolidates the remaining claim with the related case.

The Clerk of Court is respectfully directed to consolidate this case with the previously filed one, *Moran v. Tesei*, No. 3:19-CV-00722 (VAB) (filed May 13, 2019). Consistent with the Court's "inherent authority to manage [its] dockets and courtrooms with a view toward the efficient and expedient resolution of cases," *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016), the Court orders Mr. Moran to file a consolidated Amended Complaint by **May 3, 2024**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Allegations

The Court assumes familiarity with the factual background of the case by reference to its May 19, 2023, ruling in *Moran v. Tesei*, No. 3:19-CV-00722 (VAB) (filed May 13, 2019) ("*Moran I*").

### B. Procedural Posture

On March 11, 2023, Mr. Moran filed his Complaint. Compl.

On March 14, 2023, this case was transferred to this Court in light of *Moran I*. Order of Transfer, ECF No. 8 (Mar. 14, 2023).

On May 8, 2023, the Town Defendants filed their motion to dismiss the Complaint. Town Mot.; Mem. in Supp. of Mot. to Dismiss by Town Defs., ECF No. 20-1 (May 8, 2023) ("Town Mem.").

Also on May 8, 2023, the Individual Defendants filed their motion to dismiss, or, in the alternative, motion for summary judgment. Individual Defs.' Mot.; Mem. in Supp. of Mot. to Dismiss by Individual Defs., ECF No. 21-1 (May 8, 2023) ("Individual Defs.' Mem.").

On June 1, 2023, Mr. Moran filed a motion for leave amend his Complaint and a late memorandum of law in opposition to Defendants' motions to dismiss. Opp'n.

On June 2, 2023, Mr. Moran filed a late Local Rule 56(a)2 statement in opposition to the Individual Defendants' motion for summary judgment. Pl.'s Local Rule 56(a)2 Statement of Material Facts, ECF No. 25 (June 2, 2023) ("Pl.'s SMF").

On June 15, 2023, the Town Defendants filed a reply in support of their motion to dismiss and an objection to Mr. Moran's motion for leave to amend his Complaint. Reply in Supp. of Mot. to Dismiss, ECF No. 26 (June 15, 2023) ("Town Reply"); Obj. to Mot. to Amend by Town Defs., ECF No. 27 (June 15, 2023) ("Town Obj. to Mot. to Amend").

Also on June 15, 2023, the Individual Defendants filed a reply in support of their motion to dismiss, or, in the alternative, motion for summary judgment and an objection to Mr. Moran's motion for leave to amend his Complaint. Reply in Supp. of Mot. to Dismiss, ECF No. 28 (June 15, 2023) ("Individual Defs.' Reply"); Obj. to Mot. to Amend by Individual Defs., ECF No. 27 (June 15, 2023) ("Individual Defs.' Obj. to Mot. to Amend").

On June 22, 2023, Mr. Moran filed a reply in support of his motion for leave to amend his Complaint. Reply in Supp. of Mot. to Amend, ECF No. 30 (June 22, 2023) ("Pl.'s Reply").

## II.   STANDARD OF REVIEW

### A.  Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction under [Federal Rule of Civil Procedure] 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); Fed. R. Civ. P. 12(b)(1). The plaintiff bears the burden of establishing by a preponderance of the evidence that the court has subject matter jurisdiction over the claims. *Id*.

"When considering a motion to dismiss pursuant to Rule 12(b)(1), the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000); *see also Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006) (quoting *Sweet*, 235 F.3d at 83). The Court may also, however, resolve disputed jurisdictional fact issues "by referring to evidence outside of the pleadings, such as affidavits, and if necessary, hold an evidentiary hearing." *Karlen ex rel. J.K. v. Westport Bd. of Educ.*, 638 F. Supp. 2d 293, 298 (D. Conn. 2009) (citing *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000)).

"While the prior pending action doctrine does not actually implicate the court's subject matter jurisdiction, a motion to dismiss is the proper procedural vehicle through which to assert this doctrine." *Doody, Tr. of Mary Y. Doody Revocable Tr. Dated June 17, 2002*, 2023 WL 8476322, at *2 (citing *Halpern v. Bd. of Educ. of City of Bristol*, 495 A.2d 264, 266 (Conn. 1985); *In re Jessica M.*, 802 A.2d 197, 203 (Conn. App. 2002)). "A motion to dismiss based on the prior pending action doctrine is appropriate, although the principle is not enumerated in Rule 12(b) of the Federal Rules of Civil Procedure." *Id.* (citing *Odesina v. Saint Francis Hosp.*, No. 3:01-CV-1091 (PCD), 2002 WL 32500865, at *2 (D. Conn. Feb. 26, 2002)).

B. Rule 12(b)(6)

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Any claim that fails "to state a claim upon which relief can be granted" will be dismissed. Fed. R. Civ. P. 12(b)(6). In reviewing a complaint under Rule 12(b)(6), a court applies a "plausibility standard" guided by "[t]wo working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

4

First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (alteration in original) (citations omitted)). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. Thus, the complaint must contain "factual amplification . . . to render a claim plausible." *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009)).

When reviewing a complaint under Federal Rule of Civil Procedure 12(b)(6), the court takes all factual allegations in the complaint as true. *Iqbal*, 556 U.S. at 678. The court also views the allegations in the light most favorable to the plaintiff and draws all inferences in the plaintiff's favor. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013); *see also York v. Ass'n of the Bar of N.Y.C.*, 286 F.3d 122, 125 (2d Cir. 2002) ("On a motion to dismiss for failure to state a claim, we construe the complaint in the light most favorable to the plaintiff, accepting the complaint's allegations as true.").

A court considering a motion to dismiss under Rule 12(b)(6) generally limits its review "to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). A court may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs.,*

*Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140, 144 (D. Conn. 2005).

"Although the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Connecticut Gen. Life Ins. Co. v. BioHealth Lab'ys, Inc.*, 988 F.3d 127, 131–32 (2d Cir. 2021) (quoting *Thea v. Kleinhandler*, 807 F.3d 492, 501 (2d Cir. 2015)).

### C. Motion to Amend

Rule 15 of the Federal Rules of Civil Procedure provides that a party may either amend once as a matter of course within twenty-one days of service or the earlier of twenty-one days after service of a required responsive pleading or motion under Rule 12(b), (e) or (f). Fed. R. Civ. P. 15(a)(1) ("Rule 15"). Once that time has elapsed, a party may move for leave to file an amended complaint. Fed. R. Civ. P. 15(a)(2). The "court should freely give leave when justice so requires." *Id.*

The decision to grant leave to amend under Rule 15 is within the discretion of the court, but the court must give some "justifying reason" for denying leave. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Reasons for denying leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . ." *Id.*; *see also Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (noting leave to amend may be denied when amendment is "unlikely to be productive," such as when an amendment is "futile" and "could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)").

"While the party seeking to amend its pleading must explain any delay, the party opposing the amendment 'bears the burden of showing prejudice, bad faith, and futility of the amendment.'" *United States ex rel. Raffington v. Bon Secours Health Sys., Inc.*, 285 F. Supp. 3d 759, 766 (S.D.N.Y. 2018) (quoting *Grant v. Citibank (S.D.), N.A.*, No. 10 Civ. 2955 (KNF), 2010 WL 5187754, at *6 (S.D.N.Y. Dec. 6, 2010)).

## III. DISCUSSION

Defendants argue that Mr. Moran's claims should be dismissed because they: (1) are already the subject of a pending litigation; (2) are barred by the applicable statute of limitations; and (3) do not state a claim upon which relief can be granted. Town Mem. at 10–22; Individual Defs.' Mem. at 15–34.

The Court will address first the threshold issue of whether this action is barred by the prior pending action doctrine, and then turn to any remaining issues.

### A. The Prior Pending Action Doctrine

"A district court may administer its dockets in a manner that conserves scarce judicial resources and promotes the efficient and comprehensive disposition of cases." *IT Source, LLC v. Yash Techs., Inc.*, No. 3:07-CV-1140 (PCD), 2007 WL 9753188, at *2 (D. Conn. Dec. 19, 2007) (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). "Accordingly, a federal court may dismiss a suit for reasons of wise judicial administration . . . whenever it is duplicative of a parallel action already pending in . . . the same federal court." *Oliphant v. State of Conn. Dep't of Transp.*, No. 3:02-CV-700 (PCD), 2004 WL 3249237, at *5 (D. Conn. Aug. 25, 2004) (quoting *Curtis v. DiMaio*, 46 F. Supp. 2d 206, 215 (S.D.N.Y. 1999)); *see also Goins v. JBC & Assocs., P.C.*, 352 F. Supp. 2d 262, 266 (D. Conn. 2005) ("It is well-established that 'a district court may stay or dismiss a suit that is duplicative of another federal

court suit' in the exercise of its discretion, 'as part of its general power to administer its docket.'" (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000))). "This is because a plaintiff has no right to maintain two actions on the same subject in the same court, against the same defendants at the same time." *Pagan v. Colon*, No. 3:21-CV-1715 (KAD), 2022 WL 834382, at *1 (D. Conn. Mar. 21, 2022) (quoting *Sacerdote v. Cammack Larhette Advisors, LLC*, 939 F.3d 498, 504 (2d Cir. 2019)).

"'[G]enerally, a suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions.' To find a suit duplicative '[t]here must be the same parties, or, at least, such as represent the same interests; there must be the same rights asserted and the same relief prayed for; the relief must be founded upon the same facts, and the title, or essential basis, of the relief sought must be the same.'" *Oliphant*, 2004 WL 3249237, at *5 (citations omitted).

In other words, "[d]ismissal is appropriate where 'an identity of issues exists and the controlling issues in the dismissed action will be determined in the other lawsuit.'" *Doody, Tr. of Mary Y. Doody Revocable Tr. Dated June 17, 2002*, 2023 WL 8476322, at *3 (quoting 5C Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1360, at 89 (3d ed. 2004)).

The Town defendants argue that Mr. Moran has already asserted his claims for deprivation of federal rights, malicious prosecution and abuse of process, *Monell* liability, conspiracy, negligent and intentional infliction of emotional distress, and negligence, and that these claims are the subject of the fully briefed motion for summary judgment in *Moran I*. Town Mem. at 10.

In response, Mr. Moran argues that "essentially none of the claims" made in this action were made in *Moran I*. Opp'n at 4.

The Court disagrees.

In *Moran I*, Mr. Moran brought § 1983 claims for First, Fifth, and Fourteenth Amendment violations, excessive force, summary punishment, an unlawful search and seizure, abuse of process, and malicious and retaliatory prosecution, as well as claims for municipal liability, conspiracy to violate his civil rights, assault and battery, negligent and intentional infliction of emotional distress, negligence, and gross negligence and recklessness. *See generally Moran I*, Am. Compl., ECF No. 24 (Nov. 15, 2019) ("*Moran I*, Am. Compl.").

In this action, Mr. Moran brought § 1983 claims for First, Fourth, Fifth, Eighth, and Fourteenth Amendment violations, malicious prosecution, abuse of process, and *Brady* violations, as well as claims for municipal liability, conspiracy to violate his civil rights, negligent and intentional infliction of emotional distress, and negligence. *See generally* Compl.

By Mr. Moran's own admission, Compl. ¶ 44 ("The defendants in 19cv0072[2](VAB) refused to provide consent for the amendment, necessitating the need to file this complaint before the statute of limitations period expires."), the claims in this action could have been raised in *Moran I. See Curcio v. Hartford Fin. Servs. Grp.*, 472 F. Supp. 2d 239, 243 (D. Conn. 2007) (granting motion to dismiss on the basis of the prior pending action doctrine where the claims raised "could all be asserted in the first-filed action"). And as the Court stated in denying Mr. Moran's motion to consolidate this action with *Moran I*, "*Moran II* covers the same basic set of facts, except that the *Moran II* Complaint includes facts related to Mr. Moran's criminal case that occurred after the Complaint in this case was filed." *Moran I*, Ruling and Order on Mots. for Summ. J., ECF No. 237 (May 19, 2023) ("Mot. to Consolidate").

Thus, this action is duplicative of *Moran I. See IT Source, LLC*, 2007 WL 9753188, at *2 ("[A] prior pending action is duplicative if 'the same or connected transactions are at issue and

9

the same proof is needed to support the claims in both suits or, in other words, whether facts essential to the second suit were present in the first suit.'" (quoting *Goins v. JBC & Associates, P.C.*, 352 F. Supp. 2d 262, 266 (D. Conn. 2005))); *see also id.* ("District courts have a great deal of latitude and discretion in determining whether one action is duplicative of another." (citing *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183–84 (1952))).

Although each cause of action stated in the Complaint in this case was also included in Mr. Moran's Amended Complaint in *Moran I*, Mr. Moran did include additional facts arising from his criminal case to support allegations added to the malicious prosecution claim under § 1983 in the first count, the municipal liability claim in the fourth count,[1] the conspiracy claim in the fifth count,[2] and the negligence claim in the eighth count[3] of his Complaint. Compl. ¶¶ 77, 103, 111, 125. Additionally, this action names one defendant not named in *Moran I*—Commissioner Camillo. Compl. ¶¶ 25, 125. This, however, does not defeat the Town Defendants' argument that the two actions are duplicative as the actions do not differ significantly and the parties need not be identical. *See Oliphant*, 2004 WL 3249237, at *5 ("'[G]enerally, a suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions.' . . . 'For a second action to be duplicative, it is not necessary that the parties be identical.' 'Rather, if the parties "represent the same interests" the court may determine the second action to be duplicative.'" (citations omitted)).

That said, given the additional facts alleged in this case, the Court may grant Mr. Moran leave to further amend his Amended Complaint in *Moran I* to include the additional claims

---

[1] The municipal liability count is mislabeled in the Complaint as the third count, however, the Court notes that it is the fourth count listed in Mr. Moran's Complaint.
[2] The conspiracy count is mislabeled in the Complaint as the fourth count, however, the Court notes that it is the fifth count listed in Mr. Moran's Complaint.
[3] The negligence count is mislabeled in the Complaint as the seventh count, however, the Court notes that it is the eighth count listed in Mr. Moran's Complaint.

raised. *See Curcio*, 472 F. Supp. 2d at 244 (dismissing action on the basis of the prior pending action doctrine and granting leave to join a defendant who was not named in the first-filed action and amend the operative complaint).

Accordingly, to the extent that Mr. Moran's claims are not duplicative—namely, his claims arising from his criminal case following his May 14, 2017, arrest—the Court will address Mr. Moran's motion for leave to amend as to only those claims.

### B. The Motion to Amend

"Leave to amend under Rule 15(a) is to be 'freely given' and a motion for leave should be granted in the absence of undue delay, bad faith, dilatory motive, repeated failure to cure, undue prejudice, or futility." *Foman*, 371 U.S. at 182. "An amendment is futile 'if the proposed amended [pleading] would be subject to "immediate dismissal" for failure to state a claim or on some other ground.'" *Cepeda v. Urb.*, No. 12-CV-00408 (LGF), 2014 WL 2587746, at *12 (W.D.N.Y. June 10, 2014) (quoting *Jones v. New York Div. of Military & Naval Affairs*, 166 F.3d 45, 55 (2d Cir. 1999)).

In his opposition to Defendants' motions to dismiss, Mr. Moran moves to amend his Complaint, arguing that allowing him to amend his Complaint will prevent "manifest injustice." Opp'n at 2.

Defendants argue that: (1) Mr. Moran waived his right to amend his Complaint when he failed to file a response to their motion to dismiss by the May 29, 2023, deadline; (2) allowing Mr. Moran to amend his Complaint would prejudice Defendants by requiring them to relitigate already resolved claims; and (3) any amendment would be futile. Town Obj. at 4–9; Individual Defs.' Obj. at 4–10.

11

In response, Mr. Moran argues that the Court should accept his motion to amend because the Individual Defendants' correction to their motion to dismiss filed twenty-three days prior to Mr. Moran's response was responsible for his untimely response to both motions, and that Defendants were not prejudiced by the delay. Pl.'s Reply at 1. Mr. Moran also argues that amendment would not be futile because the proposed Amended Complaint meets the *Twombly* plausibility standard. *Id*. at 3.

The Court agrees with Mr. Moran in part and Defendants in part.

Although the Court fails to see how Defendants are responsible for Mr. Moran's untimely filing, the minimal delay is not sufficient to establish a lack of diligence. *See Stein v. Needle*, No. 3:19-CV-01634 (VLB), 2020 WL 4043047, at *2 (D. Conn. July 17, 2020) (finding that good cause exists to excuse the plaintiffs' delay in filing a motion to amend and noting that "[a] three-day delay is not sufficient to show lack of diligence"). Thus, the Court will consider Mr. Moran's motion to amend.

As to Defendants' arguments that allowing Mr. Moran to amend his Complaint will prejudice them by forcing them to relitigate *Moran I*, any duplicative claim in this case will be dismissed under the prior pending action doctrine, as discussed above. Thus, the only claims remaining are claims arising from Mr. Moran's criminal case, meaning they were not already litigated in *Moran I*.

Mr. Moran's proposed Amended Complaint narrows the case to three § 1983 claims for: (1) fabrication of evidence, denial of a fair trial, malicious prosecution, and *Brady* violations; (2) abuse of process; and (3) municipal liability. Opp'n at 6.

The Town Defendants' primary argument as to the futility of these claims are that they are all barred by the applicable statute of limitations. Town Obj. at 7.

"The statute of limitations applicable to claims brought under § 1981 and § 1983 in Connecticut is three years." *Cupe v. Lantz*, 470 F. Supp. 2d 128, 134 (D. Conn. 2007) (quoting *Lewis v. Conn. Dep't of Corr.*, 355 F. Supp. 2d 607, 621 (D. Conn. 2005). "While federal courts look to state law to determine the applicable limitations period, federal law controls when the cause of action accrues." *Robinson v. Quiros*, No. 3:22-CV-1471 (MPS), 2023 WL 7300563, at *3 (D. Conn. Nov. 6, 2023) (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007).

1. *The Fabrication of Evidence, Denial of a Fair Trial, Malicious Prosecution, and* Brady *Violation Claims*

Causes of action for malicious prosecution and fair trial claims based on fabricated evidence under § 1983 begin to accrue upon favorable termination of the underlying criminal proceedings. *Spak v. Phillips*, 857 F.3d 458, 462 (2d Cir. 2017) ("In malicious prosecution suits under Section 1983, the statute of limitations begins to run when the prosecution 'terminate[s] in the plaintiff's favor.'" (quoting *Poventud v. City of New York*, 750 F.3d 121, 130 (2d Cir. 2014) (en banc))); *Gardner v. City of New York*, No. 16-CV-06476 (NG) (ST), 2021 WL 3848112, at *5 (E.D.N.Y. Aug. 27, 2021) ("*McDonough v. Smith*, a recent Supreme Court case, address[es] the accrual date for § 1983 fair trial claims based upon fabricated evidence. . . . 139 S.Ct. 2149, 2156 (2019). It held that such a claim does not accrue until the 'the underlying criminal proceedings have resolved in the plaintiff's favor.'").

Thus, in regard to Mr. Moran's malicious prosecution and fair trial claims based on fabricated evidence, the issue is not that these claims are time-barred, but rather that Mr. Moran cannot establish a favorable termination, as the charges against him were dismissed following his participation in Connecticut's accelerated rehabilitation program. Opp'n, Proposed Amended Complaint ¶¶ 64, 201, ECF No. 24-2 ("PAC"); *see also Murphy v. Kearney*, No. 3-08-CV-1486

13

(JCH), 2010 WL 2640041, at *4 (D. Conn. June 28, 2010) ("[C]ourts have consistently held that participation in Connecticut's accelerated rehabilitation program cannot be regarded as a termination that is favorable to the criminal defendant.").

Additionally, "*Brady* claims are not cognizable under § 1983 where the challenged conviction has not been invalidated." *McCollough v. Hale*, No. 15-CV-691 (CBA) (CLP), 2015 WL 7281643, at *3 (E.D.N.Y. Nov. 17, 2015) (emphasis altered) (citing *Poventud*, 750 F.3d at 132–33). And because the charges against Mr. Moran were dismissed following his participation in accelerated rehabilitation, PAC ¶¶ 64, 201, there was no adjudication of guilt in this case. *See Reich v. City of New York*, No. 19-CV-6491 (EK) (RER), 2021 WL 11628271, at *6 (E.D.N.Y. July 23, 2021), *report and recommendation adopted*, No. 19-CV-6491 (EK) (RER), 2021 WL 5783382 (E.D.N.Y. Dec. 7, 2021) (collecting cases) ("[U]ndisclosed evidence can only serve as the basis for a *Brady* claim if there has been an adjudication of guilt." (citing *United States v. Payne*, 63 F.3d 1200, 1209 (2d Cir. 1995)))).

Accordingly, allowing Mr. Moran to amend this claim would be futile.

2. The Abuse of Process Claim

A cause of action for abuse of process accrues "at such time as the criminal process is set in motion—typically at arrest—against the plaintiff." *Hagans v. Nassau Cnty. Police Dep't*, No. 18-CV-1918 (JS) (AYS), 2020 WL 1289529, at *5 (E.D.N.Y. Mar. 18, 2020) (quoting *Hadid v. City of New York*, No. 15-CV-19 (WFK) (RER), 2015 WL 7734098, at *5 (E.D.N.Y. Nov. 30, 2015), *aff'd*, 730 F. Appx. 68 (2d Cir. 2018), *and aff'd*, 730 F. Appx. 68 (2d Cir. 2018)); *see also Barnes v. City of New York*, 68 F.4th 123, 127 (2d Cir. 2023) (determining that the plaintiff's abuse of process "claims began to accrue when he was arrested, charged, and detained"). As Mr.

14

Moran was arrested on May 14, 2017,[4] and provides no argument as to any applicable tolling period, his abuse of process claim under § 1983 is time-barred.

Accordingly, allowing Mr. Moran to amend this claim would be futile.

### 3. *The Municipal Liability Claim*

In the Second Circuit, a cause of action for municipal liability accrues as follows:

> Since an actionable claim under § 1983 against a county or municipality depends on a harm stemming from the municipality's "policy or custom," a cause of action against the municipality does not necessarily accrue upon the occurrence of a harmful act, but only later when it is clear, or should be clear, that the harmful act is the consequence of a county "policy or custom."

*Laboy v. Ontario Cnty.*, 318 F. Supp. 3d 582, 587 (W.D.N.Y. 2018) (internal citation omitted) (quoting *Pinaud v. Cnty. of Suffolk*, 52 F.3d 1139, 1157 (2d Cir. 1995)).

Although Mr. Moran's municipal liability claim may be time-barred, it is not clear from the facts alleged in the proposed Amended Complaint when Mr. Moran knew or should have known of the Town's alleged policy or custom of using manufactured and fabricated evidence in the ordinary course of business. *See* PAC ¶ 225. Thus, the Court cannot grant the Town Defendants' motions to dismiss as to the municipal liability claim based on it being time-barred, at least at this time. *See Egan v. Kennedy*, No. 04-CV-6626 CJS, 2008 WL 4647740, at *3 (W.D.N.Y. Oct. 17, 2008) (applying *Pinaud* and denying the motion to dismiss because "the Complaint does not indicate when Plaintiff became aware, or should have become aware, of the alleged county policy").

Accordingly, the Court will grant Mr. Moran's motion for leave to amend as to his municipal liability claim only. The Court will dismiss all other claims.

---

[4] Mr. Moran's proposed Amended Complaint alleges that the arrest occurred both on May 14, 2017, and May 17, 2017. PAC ¶¶ 192, 201. The discrepancy proves immaterial here as both dates precede the filing of Mr. Moran's Complaint by more than three years.

To the extent that Mr. Moran's municipal liability claim directly relates to the occurrences of his May 14, 2017, arrest, those claims were litigated in *Moran I* and are dismissed from this case. To the extent that Mr. Moran's municipal liability claim relates to the Town's conduct during Mr. Moran's criminal case, that is all that remains in this case.

Finally, under the prior pending action doctrine, the Court may consolidate the sole remaining claim in this action with *Moran I*. *See Curtis*, 226 F.3d at 138 ("Because of the obvious difficulties of anticipating the claim or issue-preclusion effects of a case that is still pending, a court faced with a duplicative suit will commonly stay the second suit, dismiss it without prejudice, enjoin the parties from proceeding with it, or consolidate the two actions.").

Originally, the Court denied Mr. Moran's motion to consolidate the two actions because *Moran I* was "at the summary judgment phase and closely approaching a trial date." Mot. to Consolidate at 31. The Court reasoned that the consolidation would cause delay and confusion. *Id*. at 32. Following the Court's ruling, however, Officer Greco filed an interlocutory appeal on the issue of qualified immunity and the Court issued an order staying *Moran I* pending resolution of the appeal, which is still ongoing. *See Moran I*, Order Staying Case, ECF No. 252 (June 21, 2023); *Moran v. Tesei*, No. 23-901 (2d Cir. argued Mar. 19, 2024). Thus, determining "which claims remain, and against which Defendants[,]" Mot. to Consolidate at 32, will no longer cause a significant delay in *Moran I* or unduly prejudice Defendants. Although, after the Complaint in this case was filed, the Court granted summary judgment in favor of the Town Defendants on all claims in *Moran I*, including the *Monell* claim, *id*., allowing this claim to proceed in a consolidated action does not impact the Town any more than allowing it to proceed as a separate action.

Accordingly, the Court will consolidate this case with *Moran I*. *See Dietz*, 579 U.S. at 47 ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases.").

## IV.  CONCLUSION

For the reasons above, the Court **GRANTS** Mr. Moran's motion for leave to amend his Complaint as to the municipal liability claim. The Court **GRANTS** Defendants' motions to dismiss as to all other claims. The Court consolidates the remaining claim with the related case.

The Clerk of Court is respectfully directed to consolidate this case with the previously filed one, *Moran v. Tesei*, No. 3:19-CV-00722 (VAB) (filed May 13, 2019). Consistent with the Court's "inherent authority to manage [its] dockets and courtrooms with a view toward the efficient and expedient resolution of cases," *Dietz*, 579 U.S. at 47, the Court orders Mr. Moran to file a consolidated Amended Complaint by **May 3, 2024**.

**SO ORDERED** at New Haven, Connecticut, this 28th day of March, 2024.

    /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE